**CT Corporation**

**Service of Process Transmittal**
10/15/2010
CT Log Number 517448354

**TO:** Robert Rosh
New York Life Insurance Company
51 Madison Avenue
New York, NY 10010

**RE:** **Process Served in Tennessee**

**FOR:** New York Life Insurance Company (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bhagubhai Hira and Pradip Hira, Pltfs. vs. New York Life Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Return Form, Complaint |
| **COURT/AGENCY:** | Blount County Chancery, TN<br>Case # 2010150 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for a term life insurance policy |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/15/2010 at 14:15 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of the summons, exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | Dan D. Rhea<br>Arnett, Draper & Hagood<br>800 South Gay Street<br>Suite 2300<br>Knoxville, TN 37929 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790728823116<br>Image SOP<br>Email Notification, Robert Rosh robert_rosh@newyorklife.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 0221<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT A



# STATE OF TENNESSEE
## CHANCERY COURT OF BLOUNT COUNTY

BHAGUBHAI HIRA, and PRADIP HIRA, Plaintiffs

vs.

NEW YORK LIFE INSURANCE COMPANY, Defendant

Civil Action No. 2010-150



## SUMMONS

To: NEW YORK LIFE INSURANCE COMPANY

C/O CT Corporation System
800 S. Gay St., Suite 2021
Knoxville, TN 37929
Registered Agent for Service of Process



You are hereby summoned and required to serve upon Dan D. Rhea, attorney, whose address is:

Dan D. Rhea
Arnett, Draper & Hagood
P.O. Box 300
Knoxville, TN 37901-0300

a true copy of the Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. You will file the original with the Court.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this __15__ day of __Oct__, 2010.

Witness, Steve Ogle, Clerk and Master of said Court, at office the _____, 2010.

By: _____
Deputy Clerk

(This Summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedures.)

## NOTICE
TO THE DEFENDANT: NEW YORK LIFE INSURANCE COMPANY

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a Judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the Judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list.** Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 2010, I served this Summons together with the Complaint as follows: by hand delivery to CT Corporation System, 800 S.Gay St., Suite 2021, Knoxville, Tennessee. I hereby certify that I am above the age of 18 years and that I am not a party to this civil action.

_____
Process Server

Process Server's Name: Joe Moellendick
Process Server's Address: Arnett, Draper & Hagood
Suite 2300
800 S.Gay St.
Knoxville, TN 37929

IN THE CHANCERY COURT FOR BLOUNT COUNTY, TENNESSEE
AT MARYVILLE

BHAGUBHAI HIRA, and
PRADIP HIRA,

    Plaintiffs,

v.

NEW YORK LIFE INSURANCE COMPANY,

    Defendant.

No. 2010-150

TWELVE PERSON JURY
DEMANDED

## COMPLAINT

The above-named plaintiffs, appearing herein through their undersigned attorneys, bring this civil action against the above-named defendant, and for their cause of action state the following:

1. The plaintiffs are citizens and residents of Blount County, Tennessee.

2. The defendant is an insurance company having its principal place of business in the State of New York, but otherwise doing business in the State of Tennessee.

3. On October 15, 1990, plaintiff Bhagubhai Hira purchased a term life insurance policy, no. 44 049 250, from the defendant, through one of the defendant's agents located in Rutherford County, Tennessee. Ownership of defendant's policy no. 44 049 250 (hereafter referred to as "the policy") was subsequently transferred to plaintiff Pradip Hira.

4. The policy contained provisions under which it could be converted to a "whole life" insurance policy having the same policy date of October 15, 1990, as the original term life insurance policy, provided an additional premium was paid on the date of conversion, with said premium to be calculated pursuant to a formula described in the policy (hereinafter referred to as

I hereby certify that the within is a true Copy of the original filed in this court.
Stephen S. Ogle
Clerk & Master

"the conversion formula.")

5. Between the dates of October 15, 1990, and October 15, 2009, the plaintiffs paid the defendant monthly premiums for the policy totaling $70,560.00.

6. On September 23, 2009, the plaintiffs applied to the defendant to convert the policy in accordance with the conversion provisions stated above, and paid another $8,088.50 to the defendant as part of the additional premium payment for the converted policy. The plaintiffs applied for a loan from the defendant in the amount $83,258.30 to cover the remainder of the additional premium due on conversion as ostensibly calculated by defendant's agent pursuant to the conversion formula.

7. Upon receipt of the converted insurance policy, the plaintiffs determined they were deprived of the benefit of the bargain they made when they purchased the policy, on account of one or both of the following reasons:

A. The formula used by the defendant's agent to compute the additional conversion premium was not the same as the conversion formula described in the policy;

B. To the plaintiffs' surprise, the converted whole life insurance policy did not accumulate any additional paid up insurance coverage or otherwise account for the distribution or credit of dividends from its retroactive policy date of October 15, 1990.

8. Upon ascertaining they had been deprived the benefit of their original bargain, the plaintiffs ceased making payments of premiums for either the original policy, or the converted policy, resulting in the defendant's declaration that the original policy has now lapsed.

9. The defendant has breached its contract with the plaintiffs, causing the plaintiffs to incur damages.

Page 2 of 3

Case 3:10-cv-00461-TAV-CCS   Document 1-1   Filed 10/29/10   Page 5 of 6   PageID #: 8

10. The defendant has committed an "unfair act" prohibited by the Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-104(a) and/or §47-18-104(b)(12) and/or (21), resulting in an ascertainable loss of money by the plaintiffs.

WHEREFORE, the plaintiffs demand judgment against the defendant for damages in the amount of $78,648.50, plus prejudgment interest and the plaintiffs' reasonable attorneys' fees incurred in pursuing their claim under the Tennessee Consumer Protection Act, and for all other relief which the plaintiffs may show themselves entitled at the trial of this cause. The plaintiffs hereby respectfully demand a jury of twelve citizens of Blount County, Tennessee to try all fact issues joined by defendant in this civil action.

Respectfully submitted,

ARNETT, DRAPER & HAGOOD

By: *Dan D. Rhea*
Dan D. Rhea, BPR No. 005927
Attorneys for plaintiffs, Bhagubhai Hira, and Pradip Hira

## COST BOND

Arnett, Draper & Hagood, attorneys for plaintiffs, are security for nondiscretionary costs, not to exceed $500.00, that may be taxed to plaintiffs in this civil action.

ARNETT, DRAPER & HAGOOD

By: *Dan D. Rhea*
Dan D. Rhea, partner